IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 03–cv–01806–EWN–BNB

THOMAS DANFORD,

    Plaintiff,

v.

MICHELLE DeHERRERA and
CORRECTIONS CORPORATION OF AMERICA,

    Defendants.

---

**ORDER AND MEMORANDUM OF DECISION**

---

This is a section 1983 case. Plaintiff Thomas Danford alleges that Defendants Michelle DeHerrera and Corrections Corporation of America ("CCA") violated 42 U.S.C. § 1983 because they were deliberately indifferent to Plaintiff's medical needs, and the deliberate indifference amounted to negligence. This matter is before the court on "Defendants DeHerrera and Correction Corporation [sic] Motion for Partial Dismissal of Plaintiff's Complaint," filed May 17, 2004. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1332 (2005).

**FACTS**

*1.*    *Factual Background*

The following facts are taken from Plaintiff's complaint. Defendant CCA operates Huerfano County Correction Center ("HCCC") under contract with Huerfano County and the

Colorado Department of Corrections. (Pl.'s Original Compl. and Jury Demand ¶ 5 [filed Sept. 15, 2003] [hereinafter "Compl."].) At all relevant times to the allegations in Plaintiff's complaint, Plaintiff was incarcerated at HCCC. (*Id.* ¶ 6.) While incarcerated at HCCC, personnel employed by Defendant CCA gave Plaintiff a bottom bunk restriction because of medication Plaintiff took for an arm injury. (*Id.* ¶ 7.) The medication placed Plaintiff at risk of morning orthostatic hypotension.[1] (*Id.*) Contrary to this restriction, an official employed at HCCC assigned Plaintiff to an upper bunk. (*Id.* ¶ 8.) Plaintiff brought his concern regarding the lower bunk restriction to Defendant DeHerrera's attention. (*Id.*) Defendant DeHerrera is HCCC's unit manager. (*Id.*) According to Plaintiff, Defendant DeHerrera responded to Plaintiff's concern regarding the bottom bunk restriction by stating "it would be too bad that a bottom bunk wasn't available in the cell assigned to him, but that was where he was going to stay." (*Id.* ¶ 9.)

On September 18, 2001, Plaintiff sat up on the upper bunk and lowered his legs over the side of the bed. (*Id.* ¶ 10.) Plaintiff fainted and fell from his bed. (*Id.*) Plaintiff struck his head on the floor and suffered a wound to his forehead, a concussion, a brain injury, abrasions, and cuts and bruises to his body. (*Id.*)

**2.**     ***Procedural History***

Plaintiff filed his complaint in this court on September 15, 2003. (Compl.) Plaintiff asserts claims for (1) violation of the Eighth Amendment, thereby giving rise to a cause of action

---

[1] Orthostatic hypotension is the manifestation of high blood pressure when rising from a bed or chair. Webster's Medical Dictionary, *available at*, http://www2.merriam-webster.com.

under 42 U.S.C. § 1983; and (2) negligence. (*Id.* ¶¶ 13–14.) Defendants filed their answer on October 2, 2003. (Answer [filed Oct. 2, 2003].) On May 17, 2004, Defendants filed a motion for partial dismissal of Plaintiff's complaint.² (Defs. DeHerrera and Correction Corp. [sic] Mot. for Partial Dismissal of Pl.'s Compl. [filed May 17, 2004] [hereinafter "Defs.' Br."].) Defendants allege that "Plaintiff states no cognizable Eight [sic] Amendment claim against Defendant CCA arising out of Defendants' failure to provide Plaintiff a lower bunk . . . [because] [n]o custom, policy or practice attributable to CCA violated the Plaintiff's constitutional rights." (*Id.* at 2.) Plaintiff filed his response on June 7, 2004. (Pl.'s Mem. in Opp'n to Defs.' DeHerrera and Correction Corporation [sic] Mot. for Partial Dismissal of Pl.'s Compl. [filed June 7, 2004].) Defendants filed their reply on June 18, 2004. (Defs.' DeHerrera and Correction Corporation [Reply in Supp. of] Mot. for Partial Dismissal of Pl.'s Compl. [filed June 18, 2004] [hereinafter "Defs.' Reply"].) The matter is fully briefed.

**ANALYSIS**

*1.  Standard of Review*

For the purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should only dismiss the claim "when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." *Dubbs v.*

---

²This court set May 17, 2004, as the dispositive motion deadline in this case. (Courtroom Mins. [dated 11/3/03].) The motion to dismiss filed May 17, 2004, the subject of this Order and Memorandum of Decision, is the only dispositive motion filed by either party in this case.

*Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 1224 [10th Cir. 1997]). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Id.* (quoting *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 [10th Cir. 1999]). This pleading standard is not altered with respect to municipal liability for constitutional violations actionable pursuant to 42 U.S.C. § 1983. *Leatherman v. Terrent County Narcotics Intelligence Coordination Unit*, 507 U.S. 163, 168 (1993). Accordingly, a plaintiff alleging a violation of section 1983 against a municipality need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.*

2.  *Section 1983 Claim*

Defendants allege that Plaintiff has not stated a "cognizable Eight [sic] Amendment claim against Defendant CCA arising out of Defendants' failure to provide Plaintiff a lower bunk." (Defs.' Br. at 2.) Defendants contend that "[n]o custom, policy or practice attributable to CCA violated the Plaintiff's constitutional rights." (*Id.*)

To establish a violation of 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation was committed under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). Municipal liability under section 1983 is limited to deprivations of federally protected rights caused by action taken "pursuant to official municipal policy of some nature," *Monell v. New York City Dep't of Social Serv.*, 436 U.S. 658, 691 (1978), or "by

municipal policy makers under appropriate circumstances." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). The municipal liability principles set forth in *Monell* and its progeny apply to claims against private entities pursuant to 42 U.S.C. § 1983. *Dubbs*, 336 F.3d at 1216 (extending the *Monell* doctrine to private section 1983 defendants). Thus, to survive a motion to dismiss, Plaintiff must assert a short and plain statement alleging that Defendant CCA violated his constitutional rights through (1) an official policy or custom of Defendant CCA; or (2) a single act which inflicts constitutional injury by an official with final policy making authority with respect to the challenged action. *See Seamons v. Snow*, 206 F.3d 1021, 1029 (10th Cir. 2000).

Accepting the factual allegations in the complaint as true, as I must, it appears that Plaintiff asserts municipal liability on the basis of Defendant DeHererra's actions. (Compl. ¶¶ 8–9.) Specifically, Plaintiff alleges in his complaint that he "brought the fact of his bottom bunk restriction to the attention of DeHerrera, the unit manager of the facility in which [P]laintiff was housed." (Compl. ¶ 8.) Further, Plaintiff asserts in his complaint that "DeHerrera responded to notice of [P]laintiff's bottom bunk restriction by stating it would [sic] too bad that a bottom bunk wasn't available in the cell assigned to him, but that was where he was going to stay." (*Id.* ¶ 9.) Construing the allegations in a light most favorable to Plaintiff, Plaintiff has alleged sufficient facts indicating that Defendant DeHerrera, is an official with final policy making authority with respect to the constitutional violation Plaintiff alleges. Accordingly, Plaintiff's complaint sufficiently alleges a violation of section 1983 against Defendant CCA.

Defendants allege that Plaintiff has not stated a claim against Defendant CCA pursuant to 42 U.S.C. § 1983, because "[i]nsufficient factual allegations exist in the Plaintiff's [c]omplaint to demonstrate any official custom, policy or practice of Defendant CCA that caused a violation of any of the Plaintiff's Eighth Amendment constitutional rights." (Defs.' Br. at 2–3.) While unconstitutional treatment based on an official custom, policy, or practice is one method of imposing municipal liability pursuant to section 1983, it is not the only basis. Plaintiff can establish municipal liability by demonstrating that "the unconstitutional actions of an employee . . . were carried out by an official with final policy making authority with respect to the challenged action." *Seamons*, 206 F.3d at 1029. As stated above, Plaintiff alleged in his complaint that Defendant DeHerrera was responsible for the bunk assignments at CCA and Plaintiff's upper bunk assignment is the basis of his constitutional claim. Thus, Defendants argument to this point is unavailing.

Further, Defendants allege that "Plaintiff jumps to the conclusion that [D]efendant DeHerrera is the party employed by CCA responsible for the assignment of bunks and is the final policymaker for CCA on the assignment of bunks." (Defs.' Reply at 3–4.) Defendants contend that Plaintiff has not alleged that Defendant DeHerrera "was delegated policy making authority from CCA to establish policy relative to the assignment of bunks at the facility." (*Id.* at 4.) Defendants assert that the determination regarding whether an employee is a final policy maker is a factual determination. (*Id.* at 2.) Defendants misconstrue the standards applicable to a Rule 12(b)(6) motion to dismiss. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the

plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs*, 336 F.3d at 1201.  I must view all factual allegations in a light most favorable to Plaintiff, the non-movant, and dismissal is only appropriate where it is apparent that Plaintiff can prove no set of fact in support of his claim. *Montgomery v. City of Ardmore*, 365 F.3d 926, 935 (10th Cir. 2004).  Here, Plaintiff has stated facts sufficient to establish a section 1983 claim against Defendant CCA.  Plaintiff has plead facts that suggest Defendant DeHerrera was a final policy maker with respect to bunk assignments at HCCC. (Compl. ¶¶ 8–9.)  Contrary to Defendants' position, this court must not determine the propriety of Plaintiff's allegations regarding Defendant DeHerrera's job description and responsibilities in ruling on a motion to dismiss.  For the reasons stated above, Plaintiff has adequately plead a section 1983 claim against Defendant CCA on the basis of Defendant DeHerrera's actions.  Accordingly, Defendant CCA is not entitled to dismissal regarding the section 1983 claim Plaintiff asserts against it.

### 3. *Conclusions*

Based on the foregoing it is therefore

ORDERED as follows:

1. Defendants' Motion to Dismiss (# 25) is DENIED.

2. The court will hold a Final Pretrial Conference commencing at 3:15 o'clock p.m. on Friday, **September 9, 2005**, in Courtroom A1001, Alfred A. Arraj United States Courthouse, Denver, Colorado.  In preparing for and participating in the conference, the parties and counsel will follow the Instructions for Preparation and Submission of Final Pretrial Order, a copy of which is available on the court's website, www.cod.uscourts.gov.

Dated this  26th  day of July, 2005.

BY THE COURT:


s/Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge